**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **JAVIER VAZQUEZ,** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | **Case No. 1:20-cv-05799** |
| *v.* | ) | |
| | ) | |
| **UNUM LIFE INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| *Defendant* | ) | |

**NOTICE OF REMOVAL**

Defendant and removing party, Unum Life Insurance Company of America ("Unum Life"), by its attorney, Jacqueline J. Herring of Smith von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:

1.    The removing party, Unum Life, is the defendant in an action captioned *Javier Vazquez v. Unum Life Insurance Company of America*, Case No. 2020L009359, pending in the Circuit Court of the First Judicial Circuit, Cook County, Illinois, Law Division.  Plaintiff Javier Vazquez ("Plaintiff") commenced this action on September 1, 2020 by filing his Complaint.  A copy of the Complaint is attached hereto as Exhibit A.  A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of the First Judicial Circuit, Cook County, Illinois, Law Division is attached as Exhibit B.

2.    Unum Life has not been served.  Unum Life's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446, because Notice of Removal was filed within 30 days of the filing of Plaintiff's Complaint, and thus within 30 days of any possible service of any kind.

3.      Unum Life removes this action pursuant to 28 U.S.C. §1441 *et seq*. based on federal question jurisdiction under 28 U.S.C. §1331 and federal diversity jurisdiction under 28 U.S.C. §1332.  The United States District Court for the Northern District of Illinois, Eastern Division, is the appropriate venue for removal of this action from the Circuit Court of the First Judicial Circuit, Cook County, Illinois, Law Division.

4.      This action is removable based on federal question jurisdiction under 28 U.S.C. §1331 and §1441, because Plaintiff seeks a declaration of his rights under an employee welfare benefit plan (the "Plan"), with long term disability benefits funded by a Group Insurance Policy ("Group Policy") issued by Unum Life and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA").  The Plan was sponsored, established, and maintained by OSF Healthcare System ("Employer"), and the Group Policy was issued to the Employer as Policyholder.  The Group Policy is an employee welfare benefit plan as defined by ERISA.  29 U.S.C. §1002(1).  A copy of the Group Policy is attached as Exhibit C.

5.      Plaintiff's state law claims for a declaration of his rights under the Group Policy and for Consumer Fraud in administering his claim under the terms of the Group Policy are governed by ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).  Section 502(a)(1)(B) of ERISA allows a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  *See also Studer v. Katherine Shaw Bethea Hospital*, 867 F.3d 721, 725-726 (7th Cir. 2017) (enforcing rights under the terms of an ERISA plan "is exactly the type of claim that ERISA permits a plaintiff to bring").

6.      Section 502(a)(1)(B) completely preempts any state law claim asserted in the Complaint.  Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive

2

power" that it converts certain state law claims into ERISA claims, and confers federal

jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200,

209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)).

"'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are]

removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66). *See also Di Joseph v.*

*Standard Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019) ("Even claims that purport to be based

on state law and do not mention ERISA may be removed to federal court based on this

preemption [ERISA field preemption] because ERISA 'converts an ordinary state common law

complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'")

(quoting *Davila*, 542 U.S. at 209); *Studer*, 867 F.3d at 723-724 ("ERISA is one of those federal

statutes with expansive preemptive power" under which "a defendant can remove a plaintiff's

state-law claim if the defendant can show complete preemption because the state law claim, even

if pleaded in terms of state law, is in reality based on federal law.") (quotation omitted).

       7.      The Group Policy constitutes an ERISA-regulated employee welfare benefit plan

established and maintained by the Employer for the purpose of providing long term disability

insurance coverage to eligible employees of the Employer, including Plaintiff, as a benefit of

employment. This case is properly removable based on federal question jurisdiction pursuant to

ERISA and the doctrine of complete preemption:

    (i)     The Employer established and/or maintained the Plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of providing, *inter alia*, long term disability insurance coverage to the Employer's eligible employees funded pursuant to the Group Policy. (Ex. A, Compl. ¶¶3-6, 14-15, 34; Ex. C, Group Policy, pgs. UA-POL-LTD-467709-000004-5, 17-29, 36-37).

    (ii)    The name of the Plan is OSF Healthcare System, to include Saint Francis, Inc. Plan. The Employer is the Plan Sponsor and Plan Administrator. (Ex. C, Group Policy, pg. UA-POL-LTD-467709-000036).

(iii)   The Group Policy establishes procedures for submitting claims and receiving benefits, and includes an ERISA Summary Plan Description, and a statement of "Your Rights under ERISA."  (Ex. C, Group Policy, pgs. UA-POL-LTD-467709-000007-8, 38-41).

(iv)   The Plan and Group Policy constitute an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

(v)   Plaintiff asserts claims to declare his rights under the Group Policy.  (Ex. A, Compl.).  Plaintiff is a participant or beneficiary as defined by 29 U.S.C. §1002(7) and (8) in that he has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Group Policy that was established, maintained and endorsed by the Employer.

(vi)   Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

8.   ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), provides Plaintiff with exclusive remedies for declaration of his rights, pursuant to *Taylor*, 481 U.S. 58 and *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).  Plaintiff's claims to declare his rights under the terms of the Group Policy cannot be resolved without interpreting the terms of the Group Policy relating to eligibility for benefits, Deductible Sources of Income, overpayment of claims, and other terms of the Group Policy.  His claims do not implicate any independent legal duty outside of the rights and obligations established by the Group Policy.  Plaintiff's state law claims, therefore, fall within the scope of 29 U.S.C. §1132(a)(1)(B) and are completely preempted and governed by ERISA.  *See Davila*, 542 U.S. at 210, 213; *Studer*, 867 F.3d at 726.

9.   The Group Policy is not exempt from ERISA under the narrow "safe harbor" provision of the United States Department of Labor's ERISA regulations.  The safe harbor provision exempts benefit plans from ERISA only if all four safe harbor criteria are satisfied, including that the sole functions of the employer are, "without endorsing the program, to permit

4

the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. §2510.3-1(j).

10.      The Group Policy fails to satisfy the safe harbor criteria because the Employer endorsed the Group Policy and did not maintain strict neutrality. The Employer endorsed the Group Policy by selecting Unum Life as the disability insurer and claims administrator, acting as Policyholder and purchasing the disability insurance coverage as an employee benefit for its eligible employees, identifying itself as the "Plan Administrator," designating which employees are eligible for coverage under the Group Policy, accepting responsibility to provide information to Unum Life about employees who are eligible to become insured or have changes in coverage, establishing minimum participation rates in the Group Policy, utilizing its Human Resource's policy on leaves of absence to determine in part when coverage may be continued, determining an annual enrollment period during which eligible employees may obtain coverage, and retaining the authority "in its sole and absolute discretion," to terminate or amend the Group Policy "at any time and for any reason or no reason." (Ex. A, Compl. ¶¶3-6, 14-15, 34-35; Ex. C, Group Policy, pgs. UA-POL-LTD-467709-000002, 4, 9-11, 14, 36-38). *See Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989) ("An employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation.").

11.      This action is further removable pursuant to federal diversity jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of the State of Illinois, residing in Illinois. (Ex. A, Compl. ¶1). Unum Life is a corporation

organized under the laws of the state of Maine with its principal place of business in Portland, Maine. Unum Life, therefore, is a citizen of the State of Maine. Accordingly, complete diversity of citizenship exists between Plaintiff and Unum Life pursuant to 28 U.S.C. §1332. Plaintiff seeks a declaration that the Group Policy is void. (Ex. A, Compl. ¶27, Ct. I Wherefore). Annual premiums for the Group Policy far exceed $75,000. The amount in controversy for Plaintiff's claim for a declaratory judgment to void the Group Policy, therefore, has a value in excess of $75,000. *See Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) ("[I]t is established that the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief—the so-called 'either viewpoint' rule.").

12. This Court has original jurisdiction over this matter based on federal question jurisdiction and federal diversity jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, requests that the above titled action be removed from the Circuit Court of the First Judicial Circuit, Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

Jacqueline J. Herring (IL-6282246)
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P 312.541.0300 | F 312.541.0933
jackie.herring@svs-law.com

By: /s/ *Jacqueline J. Herring*
       Attorney for Defendant,
       Unum Life Insurance Company of America

6

**CERTIFICATE OF SERVICE**

I certify that on September 29, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

Timothy P. Dwyer
Dwyer Law Office
One East Wacker Drive, Suite 2020
Chicago, IL 60601
tim@tpd-law.com

/s/ Jacqueline J. Herring
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com
Ill. Bar No. 6282246